### FINE ARTS CORPORATION *v.* MUELLER.

1. LANDLORD AND TENANT—TENANCY AT WILL.

   Occupancy of space in furniture exhibition building by prospective tenant without agreement for payment of any definite sum as rent *held*, a tenancy at will.

2. SAME—FURNITURE EXHIBITIONS—MORE FAVORABLE CONDITIONS.

   Lease of space in furniture exhibition building to which was attached a rider providing, in effect, that more favorable conditions in any other lease of space in the building should automatically become a part thereof *held*, to prevent lessor from permitting long time occupancy by lessee's competitor without rent, or in a reduced sum, without making rider operative in favor of lessee.

3. SAME—FREE OCCUPANCY—ABATEMENT OF ACTION FOR RENT.

   Occupancy of space by a prospective tenant in a furniture exhibition building for a period which included both semi-annual special sales without payment of rent *held*, ample time within which to determine advantage of the occupancy, amount of space needed and rent payable subsequently, so as to render "more favorable condition" of other leases in same building applicable to defendants' lease and abate action for rent for subsequent period.

Appeal from Kent; Verdier (Leonard D.), J. Submitted January 16, 1935. (Docket No. 98, Calendar No. 38,197.) Decided March 5, 1935. Rehearing denied April 11, 1935.

Assumpsit by Fine Arts Corporation, a Michigan corporation, against J. Fred Mueller and Frederick H. Mueller, copartners, for rent due under a lease. Judgment for plaintiff. Defendants appeal. Reversed.

*Butterfield, Keeney & Amberg (Harry Shulsky,* of counsel), for plaintiff.

*Amos F. Paley,* for defendants.

FEAD, J. The Fine Arts Furniture Exhibition Building, for display of furniture for sale, was built by G. A. Hendricks, was in charge of a receiver for a time, and finally was conveyed to plaintiff corporation, of which Hendricks is manager.

In 1925, defendants leased space at $8,000 per year, to December 1, 1935, the lease carrying a rider which reads:

"The lessor agrees that should any more favorable condition be included in any other leases on space in this building, during the life of the instrument pertaining to termination of lease or rate of rental per square foot, in particular or other conditions in general, these same conditions are made a part of the contract."

It will be noted that the rider does not require comparison of defendants' lease with another to determine whether, on the whole, the latter is the more favorable. It operates automatically to make a part of defendants' lease any more favorable condition in another.

In 1932, defendants claimed breach of lease, brought suit to cancel it and, in return, were sued for rent. In December, written settlement was made, under which a provision of the lease was canceled, defendants paid a sum as rent to and including February 1, 1934, future rent was reduced and the lease continued to maturity without prejudice to any right of defendants under the rider.

This action is to recover rent for February, March, and April, 1934. Defendants claim immu-

nity from rent, or prematurity of action, under the rider. Plaintiff had judgment on trial before the court without a jury.

From July, 1933, the Wiener Company, a tenant, with consent of the receiver and Hendricks, permitted the Elgin A. Simonds Company to occupy its space, a full floor, and remain six months, rent free. The Simonds Company was a competitor of defendants, manufacturing and selling similar goods. In December, fearing that continued occupancy by Simonds would produce complications with the Wiener Company, Hendricks insisted that Simonds move elsewhere. The removal was had to another floor, which Simonds continued to occupy to and at the time of trial in July, 1934. The arrangement for the latter occupancy presents the question in the case.

In April, 1934, defendants asked plaintiff for a statement of other leases on space, it was furnished and, as to the Simonds occupancy, plaintiff said:

"After this six months period Elgin A. Simonds Company terminated their arrangement with Wiener, and they were allowed to move to the seventh floor pending the possibility of setting up a permanent exhibit and making a permanent lease. They have paid no money, owe the building nothing, and have no lease."

At the trial Hendricks made an attempt to modify the effect of his written statement. The purport of his testimony, however, is that the Simonds Company was occupying space pending negotiations for a long term lease not yet made at the time of trial; execution of a lease would depend upon success of the Simonds Company in financing its business; if and when a lease should be made, payment for past

occupancy is to be included in and amortized over the period of the lease; if the lease is not made, Hendricks feels plaintiff would be entitled to rent for past occupancy, probably at fair value, but no agreement with Simonds was made as to past occupancy, either as to liability for or amount of rent.

Under the circumstances, defendants contend they are relieved of payment of rent during such occupancy by Simonds without permanent lease, or, in the alternative, that action for rent cannot be maintained until Simonds' liability has been definitely determined.

It is conceded that, technically, the Simonds tenancy at will is a lease. We agree with both counsel that the rider should be given a practical construction to effectuate the purpose of the parties. Its object was to protect defendants against disadvantage arising out of favoritism to competitors. But it should not be held to prevent fair conduct of plaintiff's business with the object of obtaining long term leases.

Assuming that the rider does not prevent plaintiff from extending to prospective customers an opportunity, by trial occupancy without rent, to determine whether they will enter into leases, such privileges could be extended only for a reasonable time. Plaintiff could not, by indirect means, whether as a subterfuge or in an honest endeavor to rent space, permit long time occupancy by a competitor of defendants at no rent or at a reduced sum without making the rider operative in defendants' favor.

Occupancy of six months under Wiener and one month under plaintiff, which included July and January special sales, was ample to enable the

Simonds Company to determine the advantage of the occupancy and the amount of space needed. There was no justification for extending the privilege further without agreement for rent for present use.

The financing of the Simonds Company, necessary to close a lease, was so indefinite that it was little more than a hope. The arrangement with it, as related by Hendricks, leaves serious doubt whether, in case Simonds should not finally enter into a lease, any rent could be collected from it for past occupancy. At most, Simonds could be held liable only for reasonable rent. There is no acceptable evidence of present fair rental value. Old leases do not furnish such proof.

In any event, the conditions of Simonds' present occupancy (lease) are that Simonds Company occupies without payment of rent and without agreement or apparent obligation to pay any rent except in a future contingency. Reading such "more favorable condition" into defendants' lease, defendants' rent for the period in suit cannot be ascertained until the Simonds debt, if any, for the period is determined.

Judgment reversed and cause remanded for entry of judgment for defendants without prejudice to further action by plaintiff if and when a claim accrues, with costs to defendants.

POTTER, C. J., and NELSON SHARPE, NORTH, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.